# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC a/s/o R.R., <br><br> Plaintiff(s), <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC.; ABC CORP. (1-10) (Said names being fictitious and unknown entities), <br><br> Defendant(s), | CIVIL ACTION NO.: 2:12-cv-02908 <br><br><br> **CIVIL ACTION** <br><br> **CONSENT ORDER** |

IT IS HEREBY STIPULATED BY CONSENT OF THE PARTIES THAT Plaintiff

Montvale Surgical Center, LLC, a/s/o R.R., is granted leave to file an Amended Complaint in the

form agreed to by counsel for the parties and attached hereto as Exhibit A within ten (10) days

from the date of this ORDER.

FURTHER, IT IS HEREBY STIPULATED BY CONSENT that Horizon Blue Cross

Blue Shield of New Jersey, Inc. shall be permitted to file and answer or otherwise plead within

the time permitted by the Federal rules.

So ORDERED this 22nd day of January, 2013

_____
Honorable Joseph A. Dickson, U.S.M.J.

Massood & Bronsnick, LLC
Attorneys at Law

Dated:  January 17, 2013

w:\wp51\majormed\montvale surgical center\rosario\pleadings\consent order to amend 1.17.13.docx

**MASSOOD & BRONSNICK, LLC**
50 Packanack Lake Road East
Wayne, New Jersey 07470-6663
(973) 696-1900
Attorneys for: Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MONTVALE SURGICAL CENTER, LLC
a/s/o R.R.,

Plaintiff(s),

v.

HORIZON BLUE CROSS BLUE SHIELD
OF NEW JERSEY, INC.; ABC CORP. (1-
10) (Said names being fictitious and
unknown entities),

Defendant(s),

CIVIL ACTION NO.: 2:12-cv-02908

**AMENDED COMPLAINT**

The Plaintiff, Montvale Surgical Center, LLC., a/s/o R.R., by way of Amended

Complaint against Defendants says:

**THE PARTIES**

1.     Plaintiff, Montvale Surgical Center, LLC. (hereinafter referred to as "MSC" or

"Plaintiff") is an outpatient Ambulatory Surgery Center (ASC) where minimally

invasive pain management and podiatry procedures are performed, having its

office located at 6 Chestnut Ridge Road, Montvale, NJ 07645.  At all relevant

times, the Plaintiff was an "out-of-network" medical practice that provided

various surgical services to subscribers enrolled in the healthcare plans of

Defendant.

2.     R.R. is a citizen of the United States residing of New Jersey and is a subscriber to

a fully funded health insurance plan. .

Massood & Bronsnick, LLC
Attorneys at Law

3. Defendant Horizon Blue Cross Blue Shield (hereinafter referred to as "Horizon") is an insurance company authorized to transact insurance business throughout the State of New Jersey, which actively solicits customers from New Jersey, and is headquartered at 975 Raymond Boulevard Newark, NJ 07105. Horizon is a managed care company consisting of several healthcare plans providing healthcare coverage and third party administration to its subscribers for both "in-plan" and "out-of-network" medical services.

4. Horizon conducts business in every county in the State of New Jersey, including Bergen County, and venue was properly laid in Bergen County.

5. Plaintiff received a written Assignment of Benefits agreement from R.R., the aforementioned Horizon subscriber, of her contractual rights under the policy of group health insurance issued by Horizon. Thus, Plaintiff has standing to bring a civil action against Horizon. Plaintiffs make specific reference to the Assignment of Benefits as if set forth at length herein. Specifically, Plaintiffs were authorized by to file claims to the insurance carrier, file suit and enter legal actions as part of the signed Assignments of Benefits.

## SUBSTANTIVE ALLEGATIONS

6. Horizon operates, controls and/or administers managed healthcare insurance plans providing health and medical coverage to its members and dependents. At all relevant times, Horizon provided certain members and/or their dependents with "out-of-network" benefits, enabling these individuals to gain access to the physicians (providers) of their choice, rather than limiting access only to "in-plan" physicians as would be true with a health maintenance organization plan.

Massood & Bronsnick, LLC
Attorneys at Law

7.     Specifically, in this case, the Plaintiff provided the facility, an ambulatory surgical center, and treating doctors for the medical procedures, including but not limited to Epidural Cortisone Injections under Fluoroscopic Guidance, administered to R.R..  It is not disputed that all of the procedures performed, including the Epidural Injections, were "medically necessary" and were approved by Horizon.

8.     The usual and customary fee, often referred to as the "reasonable and customary" fee, is defined, or is reasonably interpreted to mean, the amount that providers, like the plaintiff, normally charge to their patients in the free market, i.e. without an agreement with an insurance company to reduce such a charge in exchange for obtaining access to the insurance company's subscribers. Moreover, the UCR fee means the usual charge for a particular service by providers in the same geographic area with similar training and experience.

9.     In each instance, prior to MSC rendering services, Horizon agreed to directly compensate Plaintiff its UCR fee for the services provided.  Consequently, in each instance, MSC reasonably believed and relied upon Horizon's express or implied representations that Plaintiff would be paid the UCR fee on that basis agreed to render the services.

10.     Plaintiff submitted bills to Defendant Horizon, based on the reasonable and customary charges for its services, in the amount of $11,100.00 for date of service 2/8/10. Horizon approved an allowed amount of $0.00 and issued payment to Plaintiff in the amount of $0.00. Horizon issued an Explanation of Benefits "EOB" indicating that R.R. was responsible for the remaining balance.

11.     Plaintiff submitted a second bill to Defendant Horizon, based on the reasonable

and customary charges for its services, in the amount of $11,400.00 for dates of service 1/25/10. Horizon approved an allowed amount of $421.40 and issued payment to Plaintiff in the amount of $421.40. Horizon issued an Explanation of Benefits "EOB" indicating that the remaining balance of $10,678.60 was not allowed.

12. Based on the foregoing, Plaintiff hereby demands payment in the amount of $21,778.60.

13. Defendant Horizon claimed that R.R.'s Summary Plan Description ("SPD") states that Horizon determines whether the administered treatment is medically necessary. Specifically, in this case, Horizon denied payment because it considered the treatment administered to R.R. to be experimental and investigational, as well as not the national standard of care for the diagnosis given.

14. Plaintiff submitted appeals for reconsideration of the claim, and for payment. Defendants failed to provide an appropriate response to the appeal, as they did not provide a copy of the Summary Plan Description in a timely manner, they failed to give a detailed explanation as to how they determined the approved amount for payment on the dates of service at issue, and they failed to properly process the claims for payment and appeals.

15. Defendants have not issued any further payments to Plaintiff.

16. By and through this lawsuit, MSC now seeks damages, due to Defendants' actions that have resulted in Plaintiff not receiving payment for the significant medical services rendered.

Case 2:12-cv-02908-CCC-JAD   Document 9-1   Filed 01/18/13   Page 5 of 10 PageID: 56

## FIRST COUNT
### (Violation of ERISA)

17.   MSC repeats and re-alleges all prior allegations as though fully set forth herein.

18.   This Count arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 et seq.

19.   The Patients' plans, under which Patients are entitled to health insurance coverage under ERISA, are administered and operated by Horizon and/or Horizon's designated third-party administrator and/or agent under ERISA.

20.   Horizon is the administrator and fiduciary in relation to the matters set forth herein because, *inter alia*, they exercise discretionary authority and/or discretionary control with respect to management of the plans under which Patients are entitled to benefits as assigned to Plaintiff.

21.   Horizon is a fiduciary in relation to the matters set forth herein, by virtue of its exercise of authority and/or control and/or function control respecting the management and disposition of assets of the plans and/or by exercising discretionary authority and/or discretionary responsibility and/or functional authority in the administration of the Patients' plans.

22.   Horizon's fiduciary functions include, *inter alia*, preparation and submission of explanation of benefits, determinations as to claims for benefits and coverage decisions, oral and written communications with Plaintiff concerning benefits to Patients under the plans, and coverage, handling, management, review, decision-making and disposition of appeals and grievances under the Patients' plans.

23.   MSC received assignment of benefits from R.R. which had "out of network"

Massood & Bronsnick, LLC
Attorneys at Law

benefits for surgery under his plan or insurance agreement with or administered by Horizon through which R.R. assigned to MSC, *inter alia*, the individual Patients' right to receive payment directly from Horizon for the services that the patient received from MSC.

24. The Assignment of Benefits that MSC received from R.R. confers upon MSC's status of "beneficiary" under § 502 (a) of ERISA, 29 USC § 1132(a)(1)(B) and § 1102(8) et seq.

25. As a beneficiary under § 502 (a) of ERISA, 29 USC § 1132(a)(1)(B), MSC is entitled to recover benefits due (and/or other benefits due to the Patient), and to enforce the rights of the Patient (and/or the rights of the Patient) under ERISA law and/or the terms of the applicable plans/policies.

26. MSC has sought payment of benefits under the applicable Patients' plans and Horizon has refused to make payment to MSC for the medical services rendered to the R.R..

27. The denial of R.R.'s claims are unsupported by substantial evidence, erroneous as a matter of law, not made in good faith, is arbitrary and capricious and is in violation of ERISA.

28. The form and basis of the denial of the R.R.'s claims are insufficient and not in compliance with ERISA.

29. MSC is entitled to recover the reasonable attorneys' fees and costs of action pursuant to 29 USC § 1132(g), et seq. and other provisions of ERISA, as applicable.

30. There is no basis for the claims not being paid when the reasonable and customary

Massood & Bronsnick, LLC
Attorneys at Law

charge is the standard.

WHEREFORE, Plaintiffs request judgment against Defendant for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## SECOND COUNT
### (ERISA-Breach of Fiduciary Duty)

31.   MSC repeats and re-alleges all prior allegations as though fully set forth herein.

32.   Horizon has an obligation to supply all documents used in making any claims determination.

33.   Horizon has an obligation to explain its determination regarding the denial of claims.

34.   Horizon has a duty to provide MSC a full and fair hearing on the claims determination.

35.   Horizon is a fiduciary under ERISA.

36.   Horizon's determinations of all claims without any (or even substantial) explanation were arbitrary and capricious as well as being in violation of ERISA.

37.   Horizon violated its fiduciary duty to the R.R. and MSC as assignee of R.R.

WHEREFORE, Plaintiffs requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

Massood & Bronsnick, LLC

Attorneys at Law

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## THIRD COUNT
### (Negligent Misrepresentation)

38.   Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

39.   Despite its confirmation of reasonable and customary payment for medically necessary services, prior to MSC's rendering of the services, Defendants negligently refused to pay the subject claims appropriately in accordance with said confirmation.   Because of Defendants' negligent misrepresentation, MSC was paid less than the reasonable and customary rates.

40.   Defendants' negligent misrepresentation of medical coverage for services rendered at a reasonable and customary payment was unknown to MSC at the time it agreed to perform the medical services for the subscribers and/or their dependents. Plaintiff reasonably expected and relied upon what it believed to be Defendants' honest representations that the Plaintiff would be properly compensated in accordance with the medical coverage plan presented prior to the medical services being performed.

41.   Defendants provided responses to Plaintiff's request for payment and in response to Plaintiff's appeals for payment.   However, Defendants negligently misrepresented information in responding to the claims and appeals to Plaintiff's detriment. Furthermore, Defendants failed to provide a response regarding the

Massood & Bronsnick, LLC
Attorneys at Law

appropriate method and/or process to submit claims for payment and appeal.

42.   MSC's reliance on these representations was to its substantial detriment and as a result the Plaintiff suffered significant monetary damages.

43.   By virtue of the foregoing, Defendants have committed negligent misrepresentation.

44.   MSC has suffered significant damages as a result.

WHEREFORE, Plaintiff requests judgment against Defendants for:

a)   Compensatory damages;

b)   Interest;

c)   Costs of suit;

d)   Attorney's fees; and

e)   Such other relief as the Court deems equitable and just.

## FOURTH COUNT

45.   Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

46.   On or about the aforementioned dates and place, Defendants, ABC Corporations 1 through 10, were parties responsible for the payments of Plaintiff's reasonable and customary fees.

WHEREFORE, Plaintiff requests judgment against Defendants for:

a)   Compensatory damages;

b)   Interest;

c)   Costs of suit;

d)   Attorney's fees; and

Massood & Bronsnick, LLC
Attorneys at Law

e) Such other relief as the Court deems equitable and just.

## DESIGNATION OF TRIAL COUNSEL

The undersigned hereby designates Andrew R. Bronsnick, Esq. as trial counsel for the within matter.

MASSOOD & BRONSNICK, LLC
Attorneys for Plaintiff

s/ Andrew R. Bronsnick

ANDREW R. BRONSNICK, ESQ.

Dated:  January 18, 2013
f:\wp51\majormed\montvale surgical center\rosario\pleadings\amended complaint 11.13.12.docx

Massood & Bronsnick, LLC

Attorneys at Law